IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MIRANDA COSGROVE and
CHRISTINA COSGROVE,

Plaintiffs,

v.

RODNEY D. MCCLURE et al.,

Defendants.                                              No. 13-cv-580-DRH-PMF

---

PHILLIP CARTER,

Plaintiff,

v.

RODNEY D. MCCLURE et al.,

Defendants.                                              No. 13-cv-547-DRH-PMF

---

RODNEY D. MCCLURE
Plaintiff,

v.

PHILLIP L. CARTER et al.,

Defendants.                                              No. 13-cv-717-DRH-PMF

---

LELDON COFFEY and CARRIE COFFEY

Plaintiffs,

v.

RODNEY D. MCCLURE, et al.

Defendants.                                              No. 13-cv-819-DRH-PMF

**Memorandum and Order**

**HERNDON, District Judge:**

## I. Introduction

This matter is before the Court on defendants' appeal of magistrate decision (Doc. 110). Defendants Jeffco Leasing Co., Inc. and Phillip Carter (herein after "defendants") seek to appeal the April 23, 2014 and May 6, 2014 orders issued by Magistrate Judge Frazier in *Cosgrove et al v. McClure et al.* denying their motions for leave to file a third-party claim (Doc. 106) and extend filing deadlines (Doc. 109). Naturally, plaintiffs filed a response to defendants' appeal (Doc. 143). Having considered the arguments, the Court **DENIES** defendants' appeal of the orders (Doc. 110).

## II. Background

The case arises out of a vehicular collision, which occurred on or about August 11, 2011, between a coach bus and overturned tractor and semi-trailer on Interstate 70 near Mile Post 72 in Fayette County, Illinois. While driving the coach bus westbound on Interstate 70, Rodney McClure collided with the tractor and semi-trailer owned by Jeffco Leasing Co., injuring plaintiffs Miranda and Christina Cosgrove, who were passengers on the bus, and McClure. Defendant Pioneer Coach also incurred damage to its Prevost bus in an amount alleged to be in excess of $200,000. The tractor trailer was under the control of defendant Phillip Carter. While it laid overturned on Interstate 70, Leldon Coffey, a passerby

on the roadway, stopped to assist Carter. Coffey was injured when the bus collided with the tractor trailer. In all, four lawsuits were filed resulting from the collision.

On April 29, 2013, the first of the four lawsuits, *Carter v. McClure et al.*, was filed in Illinois Circuit Court. Plaintiff Phillip Carter brought suit against Rodney McClure and Pioneer Coach, Inc. in Madison County, Illinois Circuit Court alleging personal injuries resulting from the aforementioned collision. *See* Case No. 13-L-650. Defendants timely removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81(c) of the FEDERAL RULES OF CIVIL PROCEDURE on June 11, 2013 (No.13-cv-547-JPG-PMF at Doc. 2).

Following removal, three additional complaints were filed stemming from the abovementioned collision, including the case at issue, *Cosgrove et al. v. McClure et al. See* 13-cv-580-DRH-PMF at Doc. 2; 13-cv-717-DRH-PMF at Doc. 2; 13-cv-819-DRH-PMF at Doc. 2. The cases were later transferred to Judge Gilbert and consolidated for discovery purposes in order to avoid overlapping and redundant discovery.

Defendants filed two motions involving possible third-party claims following the detection of Miranda Rolls, Inc.'s business relationship with Pioneer Coach and Four Seasons. In their first motion, defendants sought leave to file a third-party complaint against Miranda Rolls, Inc. for contribution (Doc. 104). The deadline for filing third-party claims was set for December 13, 2013. However, defendant's motion was filed on April 24, 2014, over four months after the

deadline passed (Doc. 106). Magistrate Judge Frazier denied defendant's motion, citing defendants' failure to show good cause to justify a four month deadline extension pursuant to FEDERAL RULE OF CIVIL PROCEDURE 16(b)(4) (Doc. 106). He went further stating that "parties received ample time to identify and join parties for contribution/indemnity," given their prior notice of Miranda Rolls, Inc.'s involvement in December of 2013 (*Id.*).

Following Judge Frazier's order, defendant's filed a motion to extend the deadline for filing third-party claims and amend the pleadings on April 24, 2014 (Doc 107). Defendants also filed a joint motion to amend the case management order (Doc. 108). Specifically, defendants sought the opportunity to bring third-party claims against Miranda Rolls, Inc. for contribution and indemnity and to amend their pleadings to add additional affirmative defenses. Judge Frazier denied defendant's motion to extend deadlines under the same rationale as discussed in his previous order— defendants' failure to show good cause to justify the four month lapse under Fed. R. Civ. P. 16(b)(4) (Doc. 109).

Defendants appealed the orders arguing an inability to acquire necessary facts prior to the filing deadline for amended pleadings due to the written discovery deadlines (Doc.110). Plaintiff's responded alleging that defendant's had actual knowledge of the entity Miranda Rolls, Inc. by, if not before, December of 2013. According to plaintiffs, defendants obtained copies of the contract involving Miranda Rolls, Inc., around December of 2013.

Upon the transfers to the undersigned judge, each was stayed pending mediation. Following an unsuccessful attempt to mediate, the Court lifted the stays and now addresses defendants' appeal of magistrate decision and the motions to rule on the appeal filed in each of the related cases (Doc. 110). *See also Carter v. McClure*, 13-cv-00547-DRH-PMF at Doc. 52; *McClure v. Carter*, 13-cv-00717-DRH-PMF at Doc. 36; *Coffey v. McClure*, 13-cv-00819-DRH-PMF at Doc. 98.

### III. Legal Standard

Under Local Rule 73.1(a) of the Southern District of Illinois and FEDERAL RULE OF CIVIL PROCEDURE 72(a), a district judge may modify or set aside a magistrate judge's decision only if the decision is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). A decision is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In applying this "clear error" standard, a district judge may overturn a decision "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). District Courts are given broad discretion on matters related to discovery. *Weeks*, 126 F.3d at 943. If there are two permissible views, the reviewing court will not overturn the decision solely because it would have

chosen the other. The clear error standard requires more than mere disagreement.

Accordingly, the Court will affirm Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); S.D. Ill. Local Rule 73.1(a). The Court finds that defendants have not established that Judge Frazier's orders were clearly erroneous or contrary to the law in this case.

### IV. Analysis

The standard set forth in *Alito v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011), dictates that when "making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." Judge Frazier emphasized defendants' failure to meet that standard, specifically with regard to the four month delay from learning of the Miranda Rolls, Inc.'s involvement to the filing of their motions. Irrespective of missing the discovery deadline, defendants were unable to show good cause for failing to diligently file their motion to bring a third-party claim.

Judge Frazier set forth this "good cause" standard and referenced defendant's failure satisfy its terms. He referenced *Alito* and the court's discussion of party diligence as the key factor to determine good cause. 651 F.3d 715, 720. In this case, defendants failed to establish their diligence. Judge Frazier noted the previous extensions granted, including a deferment of the presumptive trial date nine months due to case complexity (Doc. 48).

Defendants acknowledge in their appeal that they learned of the contract between Defendant Four Seasons, Inc. & Miranda Rolls, Inc. on December 23, 2013 (Doc.110). However, the parties failed to request leave to bring a third-party complaint against Miranda Rolls, Inc. until April 18, 2014 (Doc. 104). Defendant's attempted to show good cause to explain the four month delay by claiming they "did not yet have a good faith basis" for bringing a third-party action at the time they learned of the contract (Doc. 110). However, defendants not only received notice of Miranda Rolls, Inc. from Four Season's 26(a)(1) disclosures, but were provided with copies of the contract between Four Seasons and Miranda Rolls, Inc., in December of 2013, yet failed to take action (Doc. 115).

Overall, defendants failed to show any clear error or how Judge Frazier's decision was contrary to law. Good cause had not been shown in this case to warrant an extension, and the Court refrains from modifying Judge Frazier's order to reflect that finding. Therefore, the appeal is denied.

## V. Conclusion

The Court, being fully advised of the premises, finds Magistrate Judge Frazier's decision was neither contrary to law nor clearly erroneous. Accordingly, the Court **AFFIRMS** his rulings and **DENIES** the instant appeal (Doc. 110).

**IT IS SO ORDERED.**

Signed this 18th day of December, 2014.

Digitally signed by David R. Herndon
Date: 2014.12.18 12:50:01 -06'00'

**District Judge**
**United States District Court**