IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LELDON COFFEY and
CARRIE COFFEY,

Plaintiffs,

v.

RODNEY D. MCCLURE et al.,

Defendants.                                        No. 13-cv-819-DRH-PMF

MEMORANDUM & ORDER

HERNDON, District Judge:

## I.      Introduction and Background

This matter is before the Court on defendants' motions to strike and dismiss
with prejudice certain allegations from plaintiffs' second amended complaint
(Docs. 50, & 52, respectively). Specifically, defendants Jeffco Leasing Co. and
Phillip Carter's move for dismissal of paragraph 49(h) of Count II of plaintiffs'
second amended complaint (Doc. 50) and defendants Pioneer Coach, Inc. and
Rodney McClure move for dismiss of paragraph 28(h) of Count I of plaintiffs'

second amended complaint (Doc. 52)  pursuant to Rule 12(b)(6) and 12(f) of the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiffs oppose the motion, unless Jeffco Leasing Co. and Pioneer Coach, Inc. unequivocally admit liability for the conduct of Carter and McClure under the theory of *respondeat superior* for the vehicular collision that occurred in August 2011 (Docs. 59, & 60). For the reasons stated below, defendants' motions are **GRANTED in part.** [1]

The claims at issue assert liability against Jeffco Leasing and Pioneer Coach for the negligent inspection, supervision, and oversight of employees Phillip Carter and Rodney McClure. On August 8, 2013, plaintiffs Leldon and Carrie Coffey, filed a three-count complaint for injuries arising out of a vehicular collision, which occurred on or about August 11, 2011, between a coach bus and overturned tractor and semi-trailer on Interstate 70 near Mile Post 72 in Fayette County, Illinois (Doc. 2). Plaintiffs filed a second amended complaint on January 6, 2014, alleging three counts of negligence resulting from the accident against Phillip Carter, individually and as an agent or employee of Jeffco Leasing, Rodney McClure, individually and as an agent or employee of Pioneer Coach, and Four Seasons Coach Leasing, Inc. (Doc. 35).

The parties agree that on August 11, 2011, Phillip Carter, in the course and scope of his employment with Jeffco Leasing, was operating a tractor-trailer on Interstate 70 when it overturned in the westbound lane and was later impacted by

---

[1] This motion to dismiss differs from that previously granted in the related case of *Cosgrove v. McClure (13-cv-580-DRH-PMF)*. In that case the parties agreed to the dismissal of cross-claims for negligent entrustment based on the Illinois case law also referenced by defendants in this case. In this case, however, the claims at issue allege negligent inspection, supervision, and oversight, not negligent entrustment.

a bus operated by Rodney McClure (Doc. 35). At that time, McClure was acting in the course and scope of his employment with Pioneer Coach and operating the bus with the company's permission (Doc. 35). The second amended complaint goes on to allege three specific counts of negligence against the defendants. Count I alleges negligence against Rodney McClure and Pioneer Coach; Count II alleges negligence against Phillip Carter and Jeffco Leasing; Count III alleges negligence against Rodney McClure and Four Seasons Coach Leasing, Inc. Each count also includes a claim for negligent inspection, supervision and oversight of its agent. In its answers, Pioneer Coach and Jeffco Leasing admitted that McClure and Carter were at all relevant times, their respective agents/employees acting within the scope of that employment.  As a result of these agency/employment relationships, the motions at issue seek dismissal of those portions of the complaint claiming negligent inspection, supervision and oversight directly against Pioneer Coach and Jeffco Leasing.

## II.    <u>Motion to Dismiss</u>

A Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge 7,* 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007).

Even though *Twombly* (and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008) (citations and quotations omitted).

### III.    Analysis

Under current Illinois law, which has been adopted by the Federal Courts in Illinois, a negligent entrustment claim is duplicative where an employer has admitted liability for the actions of the employee in a *respondeat superior* claim. *Gant v. L.U. Transp., Inc.,* 770 N.E.2d 1155, 1159 (Ill. App. 2002); *Campa v. Gordon Food Services, Inc.,* 2002 WL 1879262 (N.D. Ill. 2002). Because of the potential admission of inflammatory evidence irrelevant to the negligence action, Illinois courts have reasoned that a negligent entrustment claim must be dismissed where the employer admits that their employee was acting within the scope of his employment. *Gant,* 770 N.E.2d at 1160. Defendants argue this same rationale is applicable to plaintiffs' negligent inspection, supervision,

and oversight claims against Pioneer Coach and Jeffco Leasing in this case. They contend that where liability arises from the alleged negligence of McClure and Carter, in the scope of their employment, when Pioneer Coach and Jeffco Leasing admitted the actions took place within the scope of employment, the claims for direct liability against the companies should be dismissed as duplicative. *Neff v. Davenport Packing Co.*, 268 N.E.2d 574, 575 (Ill. App. Ct. 1971). However, plaintiffs argue that this use of *Neff* is inapplicable to the plead theories of negligence at issue in this case (Doc. 59).

Generally, where liability is dependent on the negligence of an employee acting within the scope of employment, thereby rendering an employer vicariously liable for damages caused by that employee's negligence, no direct liability claim shall be brought against the employer. See e.g. *Gant,* 770 N.E.2d at 1159; *Campa,* 2002 WL 1879262; *Gibson v. City of Chicago,* No. 13-CV- 03273, 2013 WL 6698164, at *3 (N.D. Ill. 2013). In the case of an employee acting within the scope of his employment, the admission of an agency relationship, grounds liability of the employer/principal on the negligence of the employee/agent. This rationale treats the employer's liability as a derivative claim established upon a finding of negligence on the part of the employee.

In this case, both Pioneer Coach and Jeffco Leasing admitted that McClure and Carter were acting within the scope of their employment at the time of accident, thus accepting the potential for *respondeat superior* liability as a result of their respective employee's actions. Although Pioneer Coach and Jeffco Leasing

deny the negligence alleged against McClure and Carter, neither dispute that their employees' negligence, to the extent such negligence is found, may be imputed to them under the theory of *respondeat superior*. In its answer, Pioneer Coach admitted that, "at all times relevant herein, the Defendant, Rodney D. McClure was an agent and/or employee of the Defendant Pioneer Coach Inc., and was at all times acting within the course and scope of his agency and/or employment." (Doc. 53, ¶ 11). Similarly, Jeffco Leasing admitted, "at all times relevant herein, the Defendant, Phillip L. Carter was an agent and/or employee of the Defendant Jeffco Leasing Co., Inc., and was at all times acting within the course and scope of his agency and/or employment." (Doc. 51, ¶ 31). By admitting that McClure and Carter were acting within the scope of employment at the time of the vehicular collision, responsibility under the theory of *respondeat superior* assigns all fault attributed to the negligent employee to his employer. *Gant,* 770 N.E.2d at 1158-59.

However, Illinois recognizes a cause of action for negligent supervision, which may be applicable in circumstances, where an employer's negligence rises to such a degree that it supports an employer's liability, in addition to its vicarious liability for the employee's negligent actions as discussed above. In instances such as those, to succeed on a claim of negligent supervision under Illinois law, a "plaintiff must plead and prove that the employer knew or should have known that its employee had a particular unfitness for his position so as to create a danger of harm to third persons and that the employer's failure to safeguard the

plaintiff against this particular unfitness proximately caused the plaintiff's injury."

*Platson v. NSM, Am., Inc.*, 748 N.E.2d 1278, 1284 (Ill. App. Ct. 2001); *see also*

*Helfers–Beitz v. Degelman,* 939 N.E.2d 1087 (Ill. App. Ct. 2010); *Doe v.*

*Brouillette,* 906 N.E.2d 105, 116 (Ill. App. Ct. 2009); *De David v. Alaron Trading*

*Corp.,* 796 F.Supp.2d 915, 923 (N.D. Ill. 2010); *Hasbun v. United States*, No. 12-

CV-2543, 2013 WL 183780, at *3 (N.D. Ill. 2013).

Plaintiffs failed to sufficiently allege the facts necessary to maintain a direct

cause of action against defendants Pioneer Coach and Jeffco Leasing. They fail to

allege facts that plausibly suggest Pioneer Coach and Jeffco Leasing knew or

should have known of any particular risk that McClure or Carter presented as

drivers. Accordingly, paragraph 28(h) of Count I and paragraph 49(h) of Count II

of plaintiffs' second amended complaint are dismissed.

## IV.    Conclusion

For the reasons stated above, defendants' motions to strike and dismiss

certain allegations from plaintiffs' second amended complaint (Docs. 50, & 52)

are **GRANTED in part.** Paragraph 28(h) of Count I and paragraph 49(h) of Count

II of plaintiffs' second amended complaint are **DISMISSED without prejudice**.

The Court grants plaintiffs leave to amend their negligent supervision, inspection,

and oversight claim accordingly.

Should plaintiffs wish to proceed on their claims for negligent supervision,

inspection, and oversight, the Court **GRANTS** plaintiff leave to file an amended

complaint as to Count I. Plaintiff shall file her second amended complaint, within

fourteen (14) days of the entry of this order (**on or before March 19, 2015**). Failure to file an amended complaint will result in of dismissal of paragraph 28(h) of Count I and paragraph 49(h) of Count II of plaintiffs' second amended complaint with prejudice and without further notice.

**IT IS SO ORDERED.**

Signed this 5th day of March, 2015.

Digitally signed
by David R.
Herndon
Date: 2015.03.05
14:10:47 -06'00'

**United States District Judge**